UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEBRA A. GARGIULO,                    )
          Plaintiff                   )
                                      )
              v.                      )   C.A. No. 11-cv-30017-MAP
                                      )
BAYSTATE HEALTH INC., ET AL.,         )
          Defendants                  )

<u>MEMORANDUM AND ORDER REGARDING
DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
RULING ON PLAINTIFF'S MOTION TO COMPEL</u>
(Dkt. No. 33)

January 4, 2012

PONSOR, U.S.D.J.

Plaintiff, a former medical resident, has brought this suit against Defendants under both state and federal law, contending that Defendants discriminated against her based on her age and disability and, in addition, retaliated against her for engaging in protected conduct.

During discovery, Plaintiff served requests for documents regarding other comparable participants in Defendants' medical residency program. Defendants opposed disclosing any such documents, based upon the Massachusetts medical peer review privilege, Mass. Gen. Laws ch. 111, §§ 203-205, and (as to some material) based upon lack of relevance. Defendants also urged the court to recognize a federal common law medical peer review privilege.

In response to Defendants' refusal to disclose the requested documents, Plaintiff filed a Motion to Compel

(Dkt. No. 26). On July 15, 2011, Magistrate Judge Kenneth P. Neiman allowed the Motion to Compel and ordered that Defendants "shall forthwith produce the requested documents" under the umbrella of a protective order "which maintains the confidentiality of the reviewing party members and any patients mentioned in the documents." (Dkt. No. 32 at 9).

Defendants filed a timely objection to Judge Neiman's ruling, which was thereafter extensively briefed.

Plaintiff's Motion to Compel raises issues which courts have recognized as delicate and, to some extent, complex. However, the standard for reviewing a magistrate judge's decision makes the court's ruling on Defendants' objection straightforward. A district judge may reconsider a pretrial ruling of a magistrate judge only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). A respect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case.

Judge Neiman's review of the issues was thoughtful and scrupulous, and his decision was well supported by decisional law. The predominant interest in requiring robust discovery in discrimination cases has been held to

weigh against recognizing a federal common law peer review privilege in at least two circuits.  <u>Adkins v. Christie</u>, 488 F.3d 1324, 1328-9 (11th Cir. 2007) and <u>Birmani v. Novant Health, Inc.</u>, 259 F.3d 284, 273 (4th Cir. 2001).  Furthermore, as Judge Neiman's memorandum recognizes, courts have repeatedly applied the federal approach to privilege to both federal and state claims where both are included in the litigation.  In determining that the recognition of a federal common law peer review privilege was not appropriate here, Judge Neiman's conclusion that the "federal interest in fighting discrimination weighs in favor of disclosure," (Dkt. No. 32 at 9), was well supported by law.

An issue arose during the latter stage of briefing in this case that, as a matter of convenience and fairness to the parties, deserves to be addressed now.  Defendants argued that, even if the court rejected their objections to Judge Neiman's analysis of the privilege issue, it should still recognize the right of Defendants to withhold certain documents on relevance grounds, at least pending further review by Judge Neiman of this specific argument.

This contention flies in the face of Judge Neiman's specific ruling in his conclusion, which stated that Plaintiff's Motion to Compel "is ALLOWED and Defendants shall forthwith produce the requested documents."  Dkt. No.

32 at 9.  Although there is some confusion in the record as to what the parties may have intended in their briefing, oral argument clearly touched on the question of relevance, and Judge Neiman declined to sift out documents that Defendants considered irrelevant.  More importantly, assuming that the relevance issue remained outstanding, this court finds that Defendants have defined the universe of relevance too narrowly and that the documents sought by Plaintiff are, at a minimum, relevant to the subject matter of this litigation and likely to lead to discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  Confidentiality concerns will be well addressed by the protective order.

Based on the foregoing, Defendants' objections (Dkt. No. 33) are hereby OVERRULED.  Defendants are ordered to produce the requested documents by January 27, 2012.  In view of the delay necessitated by the resolution of this issue, the parties are hereby referred to Magistrate Judge Neiman for a status conference to establish a schedule for completion of pretrial proceedings, motions for summary judgment, final pretrial conference, and trial.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge